# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| CITY OF PRICHARD, ALABAMA ) | Civil Action No. 1:10-00622-KD-M |
| Appellant. ) | |

## ORDER

This action is an appeal of an order from the United States Bankruptcy Court for the Southern District of Alabama which dismissed Appellant's Chapter 9 petition for bankruptcy (doc. 1, notice of appeal). The Bankruptcy Court dismissed the petition after finding that the City of Prichard lacked the capacity, under Alabama law, to file this petition. The matter is now before the Court on the City of Prichard, Alabama's motion to certify an unresolved issue of state law to the Alabama Supreme Court (doc. 13), the brief of Appellant City of Prichard (doc. 12) and the brief of Appellees Scott A. Balzer, *et al.* (doc. 14).

On October 9, 2009, the City of Prichard, Alabama filed a bankruptcy petition under Chapter 9 of Title 11 of the United States Code. In order to be a debtor under Chapter 9, a municipality must be "specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." 11 U.S.C. § 109(c)(2).

Alabama's statute which authorizes a municipality to file bankruptcy provides:

> The governing body of any county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title which shall authorize the issuance of refunding or funding bonds may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness of the county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds. Without limiting the generality of any of the foregoing powers, it is expressly declared that the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.

Ala. Code § 11-81-3 (1975) (as amended).

The parties dispute the application of this statute. Appellant argues that this statute authorizes a municipality in Alabama such as the City of Prichard, to file a Chapter 9 bankruptcy proceeding even though it has not issued refunding or funding bonds. Appellees argue that the statute authorizes only a municipality which has outstanding refunding or funding bonds to file a Chapter 9 bankruptcy proceeding. Moreover, Appellees argue that because the City of Prichard does not have outstanding refunding or funding bonds its petition was correctly dismissed by the Bankruptcy Judge.

The Court has reviewed the motion, Appellant's briefs, and Appellees' brief, and it appears to this Court that resolution of this appeal involves questions or propositions of law of the State of Alabama that are determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Alabama Supreme Court.

Accordingly, the motion to certify is **GRANTED** and the United States District Court for

the Southern District of Alabama hereby certifies the following question of law of the State of Alabama to the Alabama Supreme Court for instructions concerning such question of law, based upon the facts recited herein, pursuant to Rule 18, Alabama Rules of Appellate Procedure, as follows:

> Whether Ala. Code § 11-81-3 (1975) (as amended) requires that an Alabama municipality have refunding or funding bond indebtedness as a condition of eligibility to proceed under Chapter 9 of Title 11 of the United States Code ?

The motion to certify having been granted,[1] the appeal is **STAYED** pending resolution of this question by the Alabama Supreme Court.

**DONE** and **ORDERED** this 17th day of May, 2011.

                                        s/ Kristi K. DuBose
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**

---

[1] Appellees' request to present additional questions for certification is **DENIED**.